```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**LOUISE MILLS**                                                      **PLAINTIFF**

       **v.**            Civil No. 09-5073

**CHASE MANHATTAN BANK, USA N.A.**                                    **DEFENDANT**

### O R D E R

Now on this 1st day of May, 2009, comes on for consideration **Chase Bank USA, N.A.'s Motion For A More Definite Statement** (document #4), to which there has been no response, and the Court, being well and sufficiently advised, finds and orders as follows:

1.   Plaintiff's Complaint alleges that defendant reported a credit card transaction in a way that did not accurately reflect what had transpired, thereby causing damages to plaintiff.

Defendant contends that the Complaint is so vague that it cannot reasonably prepare a response, due to a failure to cite to any statute violated by its alleged conduct. See **F.R.C.P. 12(e)**.

2.   As explained by Judge Harry F. Barnes in **Skender v. Ameron International Corp.**, **2009 WL 129891 (W.D. Ark. 2009)**,

> [t]he Federal Rules of Civil Procedure provide that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Such a motion should not be granted unless the Complaint is so vague or ambiguous as to be unintelligible "that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself." This is a stringent standard that is rarely met in light of the liberal notice pleading standards of

>the federal rules which require only "a short and plain statement of the claim which will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  It is a "remedy for unintelligible pleadings; not a tool to correct a claimed lack of detail"  When the information sought by the party moving for a more definite statement is properly available through discovery, the motion should be denied.

(Internal citations omitted.)

The Complaint in this case does not exhibit the level of deficiency required to trigger **Rule 12(e)**.  It alleges specific acts said to have been committed by defendant, with dates, dollar amounts, terms of letters, and even -- without redaction -- credit card numbers.  Defendant can certainly frame a response to the allegations as to its conduct, and the legal theories the facts are said to support can be fleshed out during discovery.  The Court concludes, therefore, that the motion should be denied.

**IT IS THEREFORE ORDERED** that **Chase Bank USA, N.A.'s Motion For A More Definite Statement** (document #4) is **denied.**

**IT IS SO ORDERED.**

>**/s/Jimm Larry Hendren**
>**JIMM LARRY HENDREN**
>**UNITED STATES DISTRICT JUDGE**